UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-20653-CIV-HUCK/O'SULLIVAN

CARLOS LOPEZ,

    Plaintiff,

vs.

TRG-BRICKELL POINT WEST, LTD.,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

THIS CAUSE comes before the Court upon the Defendant, TRG-Brickell Point West, Ltd.'s ("TRG") Motion to Dismiss [D.E. #5]. The complaint appears to state three claims: (i) breach of contract for failure to substantially complete construction within two years,[1] (ii) breach of the Interstate Land Sales Full Disclosure Act ("ILSA") for failure to substantially complete construction within two years, and (iii) breach of ILSA for failing to provide a property report. The Plaintiff filed his response, the Defendant filed its reply and the motion is now ripe for adjudication.

**I.     Motion to Dismiss Standard**

In reviewing a motion to dismiss, all well-pled facts in the plaintiff's complaint and all reasonable inferences drawn from those facts must be taken as true. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are generally not necessary; the statement need only "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 335 U.S. 41, 47 (1957)). In this regard, however, a plaintiff must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965.

---

[1] The face of the complaint appears to state a breach of contract claim ("Defendant, TRG-Brickell, has breached the terms of the Purchase Agreement by its failure to substantially complete the construction of the Plaintiff's unit within the 2 year period from the date of the signed agreement" Compl. ¶ 10); however, the Plaintiff's response to the Motion to Dismiss appears to retract this claim, ("no terms of the contract were breached, but the contract itself did not unconditionally obligate the developer/seller to complete construction within two years..." Resp., p.2). However, because it is not clear whether the Plaintiff is in fact retracting this claim, the Court addresses the claim herein.

Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations in the plaintiff's complaint, there is a dispositive legal issue which precludes relief. *See, e.g.*, *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

**II. Analysis**

The parties entered into the purchase agreement for sale of a condominium on February 13, 2006 (the "Purchase Agreement"). The complaint alleges that under ILSA and the terms of the Purchase Agreement, the premises should have been completed within a two-year period and that the developer's failure to complete the project in that time period is both a breach of contract and breach of ILSA. To the extent the Plaintiff is alleging breach of contract, the claim fails. The Purchase Agreement provides an estimated completion date of "no later than December 31, 2010." There is no provision in the Purchase Agreement providing for a completion date within a two-year period. Therefore, the allegation that the project was not completed in two years can not give rise to a breach of contract claim. To the extent the Plaintiff is alleging that ILSA requires completion of the premises within two years, the claim also fails. There is no requirement under ILSA for a developer to complete construction within two years. There is an <u>exemption from</u> ILSA for properties where the sale or lease of land under a contract includes an obligation for the seller or lessor to erect a building thereon within two years, 15 U.S.C. § 1702(a)(2), however, that does not amount to a statutory requirement that all sellers or lessors complete construction within two years. Therefore, the Plaintiff fails to state a claim that TRG's failure to complete construction within two years is a violation of ILSA.

The complaint also alleges that TRG did not provide the Plaintiff with a property report as required by ILSA and that therefore the Plaintiff should have the option to revoke the Purchase Agreement. The Defendant correctly argues that this claim is time-barred. ILSA provides for revocation of a contract at the option of a purchaser within two years from the date of signing when a required property report is not supplied. 15 U.S.C. §1703(c). The Defendant notes that there appears to be a split in authority as to whether rescission under §1703(c) is subject to a two-year or three-year statute of limitations, due to the interplay between §1703(c) (which provides for revocation within two years of the date of signing) and §1711(b) (which provides that no claim may be brought to enforce a right created under §1703(c) unless brought within three years after the signing of the contract or lease). Some courts in this district have reconciled this by finding that a logical reading of those provisions

provide a purchaser with an third year to file suit to enforce a right of rescission if a seller refuses to honor a request for rescission made within the two-year limitations period of §1703(c). *See, e.g., Tait v. Hibiscus, L.P.*, 2009 WL 455439, *2 (S.D.Fla. 2009).

However, the Court need not decide whether a two-year or three-year statute of limitation applies here because, even using the broader three-year limitation period and accepting the allegations in the complaint as true, it is apparent from the face of the complaint that the claim is time-barred.[2] A copy of the Purchase Agreement was attached to the Complaint as Exhibit A.[3] Upon review of the Purchase Agreement, it is apparent that the Plaintiff signed the Purchase Agreement on February 13, 2006. This claim was brought more than three years later, on March 13, 2009. The Plaintiff makes the argument that the limitations period should begin to run on the date when construction of the property should have been completed. The Court rejects that argument because it is contrary to the controlling law and the plain language of the statute. The statute clearly states that a purchaser may opt to revoke a contract based on the failure to provide a property report within two years "from the date of signing." 15 U.S.C. §1703(c). Because the Plaintiff's claim was filed more than three years after the signing of the Purchase Agreement, the claim for rescission pursuant to §1703(c) is time barred.

### III. Conclusion

Therefore, for the reasons stated above, the complaint fails to state a non-time barred cause of action and the Motion to Dismiss is granted without prejudice. The Plaintiff may file an amended complaint. Any amended complaint shall be filed by May 29, 2009. If Plaintiff elects not to file an amended complaint by that date, the case shall be dismissed with prejudice.

DONE and ORDERED in Chambers at Miami, Florida this May 21, 2009.

Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of Record

---

[2] A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred. *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005) (citations and internal quotations omitted).

[3] The Plaintiff initially attached an incomplete version of the Purchase Agreement to the Complaint. He subsequently filed a corrected, complete version of the Purchase Agreement as Exhibit A to the Complaint [D.E. #3].